

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2003

# USA v. Melendez

Precedential or Non-Precedential: Non-Precedential

Docket 02-2661

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Melendez" (2003). *2003 Decisions.* Paper 607.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/607

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2661
_____

UNITED STATES OF AMERICA

v.

LEONARDO MELENDEZ
a/k/a
LEONARD MELENDEZ
a/k/a
JIMMY LOPEZ

Leonardo Melendez,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Criminal No. 00-cr-00057-1)
District Judge: Judge Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2003
_____

Before: SCIRICA, AMBRO, and GARTH, <u>Circuit Judges</u>

(Opinion Filed: April 28, 2003)
_____

OPINION
_____

GARTH, <u>Circuit</u> <u>Judge</u>:

Leonardo Melendez appeals from his judgment of sentence, arguing that the application of the "career offender" sentencing enhancement violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Our precedent holds otherwise. We will affirm.

**I.**

Because we write solely for the benefit of the parties, it is unnecessary to recite the facts of this case in detail. Melendez pled guilty to two counts of possession with intent to deliver controlled substances (heroin and cocaine base, respectively) in violation of 21 U.S.C. § 841(a)(1); two counts of possession with intent to deliver heroin and cocaine base, respectively, within a school zone in violation of 21 U.S.C. § 860; and one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(B)(1). The District Court sentenced Melendez, *inter alia*, to 308 months imprisonment.

Melendez's timely appeal followed.

**II.**

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

On appeal, Melendez argues that the career offender sentencing enhancement that the District Court imposed violated the principle of *Apprendi v. New Jersey* because his

prior convictions were neither pled nor proven beyond a reasonable doubt.[1]  As we have previously explained, however, in *Apprendi* the Supreme Court "singl[ed] out 'the fact of a prior conviction' as the exception to the rule that 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'"  *United States v. Weaver*, 267 F.3d 231, 250 (3d Cir. 2001) (quoting *Apprendi*, 530 U.S. at 490), *cert. denied*, 534 U.S. 1152 (2002).  In *Weaver*, we indicated that, in the absence of further direction from the Supreme Court, we would continue to follow the Court's earlier holding that "no due process violation occurs when prior convictions are used to increase a statutory maximum without being charged in an indictment and proved to a jury beyond a reasonable doubt." *Id*. (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 239-41 (1998)).

Indeed, Melendez acknowledges that our precedent forecloses the success of his appeal.  *See* Appellant's Br. at 8 ("Mr. Melendez seeks in the instant appeal to preserve his right to relief should this Court *en banc* or the Supreme Court reconsider and overrule the contrary precedent that governs this issue.").

We will therefore affirm the judgment of the District Court.

TO THE CLERK:

---

[1] Melendez had previously been convicted on three separate occasions for possession with intent to deliver a controlled substance (twice for crack and once for PCP).

Please file the foregoing opinion.

/s/Leonard I. Garth
Circuit Judge